# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**Brent Samples,** *et al.***,**

        **Plaintiffs,**

            **Case No. C2-03-847**

      **v.**               **Judge Smith**

                        **Magistrate Judge Abel**

**Logan County, Ohio,** *et al.***,**

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Revision of Order on Summary Judgment. Plaintiff Brent Samples, as the administrator of Susan Samples' estate, and their two children, filed this 42 U.S.C. § 1983 action against Defendants Logan County, Ohio, and nine Logan County employees, asserting Defendants violated Susan Samples' constitutional rights under the Eighth and Fourteenth Amendments. Plaintiffs also asserted state law claims for negligence and wrongful death. Defendants moved for summary judgment on all claims (Doc. 47) and the Court granted in part and denied in part Defendants' Motion (Doc. 62). Plaintiffs now move for the Court to revise that Order pursuant to Fed. R. Civ. Pro. 54(b). For the following reasons, the Court DENIES Plaintiffs' Motion for Reconsideration.

The facts of this case and the Court's analysis are set forth in detail in the Court's January 6, 2006 Opinion and Order, therefore the Court will not repeat them here. Rather, the Court will briefly summarize its reasons for denying Plaintiffs' Motion for Reconsideration.

In the Motion for Reconsideration, Plaintiff makes two main arguments that summary judgment should be denied to Dr. Costin on the civil rights claim and the state wrongful death claim and that summary judgment should be denied to Logan County and Sheriff Henry on the

state law wrongful death claim.

The appropriate standard to be applied in this case, as set forth in detail in the previous Opinion and Order, is the Eighth Amendment.  A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 828 (1994).  Moreover, when prison officials act with deliberate indifference to an inmate's serious medical needs so that they inflict unnecessary pain or suffering, their actions violate the Eighth Amendment.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976); <u>Horn v. Madison County Fiscal Court</u>, 22 F.3d 653, 660 (6th Cir. 1994).

The Court fully addressed Plaintiffs' federal claim against Defendant Costin in the previous order.  Defendants argued that Dr. Costin did not have any personal contact with the deceased, Ms.  Samples, and therefore could not be held individually liable for an alleged violation of her civil rights.  Plaintiffs did not contest that Dr. Costin did not have any personal contact with Ms. Samples.  Plaintiffs, however, assert that the relevant inquiry is whether the Defendant knew that the jail's screening policy created a substantial risk of harm to alcoholic inmates generally, rather than the risk of harm to Ms. Samples specifically.

Plaintiffs rely on the same cases they did in their previous motion to show deliberate indifference, <u>Taylor v. Michigan Dept. of Corrections</u>, 69 F.3d 76 (6th Cir. 1996), and <u>Crutcher v. Edwards</u>, No. 2:01-cv-1159 (S.D. Ohio Sep. 30, 2002).  Plaintiffs do not, however, cite any new authority or make any new arguments as to why summary judgment should not be granted in favor of Dr. Costin.  The Court has again reviewed the cases cited by Plaintiffs and analyzing the facts of the case at bar with those cases, Plaintiffs have not provided sufficient evidence to show that Dr. Costin acted with deliberate indifference to Ms. Samples.

Plaintiffs argue that Dr. Costin knew alcohol withdrawal was lethal and that he knew of and disregarded the problems with the jail policy.  However, Plaintiffs cannot establish that Ms. Samples' stay in jail would have been different had the jail's screening policy involved asking questions about alcohol history.  Further, while construing the facts in favor of Plaintiff, that Dr. Costin knew of the problems with the jail policy and that alcohol withdrawal was lethal, he was not responsible for implementing the jail policies.

Therefore, Plaintiffs' focus on Dr. Costin's knowledge of the danger of alcohol withdrawal does not establish the requisite knowledge to prevent a ruling of summary judgment in his favor. Further, Plaintiffs have not established, like the situation in the cited cases, any evidence that Dr. Costin knew of and disregarded problems with the jail's policy.  To the contrary, Defendants believed that the jail's screening policy, coupled with the jail's other layers of protection for inmate health and safety, was an adequate system.  Defendants were not "aware of an obvious, substantial risk to inmate safety...."  See Farmer, 511 U.S. at 843.  Thus, no genuine issues of material fact exist as to deliberate indifference on the part of Defendant Dr. Costin.

Plaintiffs further argue that summary judgment should not have been granted on the state law wrongful death claims against Defendants Dr. Costin, Sheriff Henry and Logan County.  The Court did not address the elements of each claim such as the wrongful death claim, but rather granted summary judgment to the Defendants based upon statutory immunity.  The Court previously held that none of the individual prison employees acted maliciously, in bad faith, or with wanton or reckless disregard for the prisoners.  Plaintiffs have failed to set forth any additional evidence or new arguments as to why summary judgment should not be awarded to

3

the individual Defendants. The Court previously explained that at most, Dr. Costin and the officers were negligent, but did not find that any of the Defendants' behavior was wanton or reckless. Accordingly, summary judgment was properly granted in favor the individual Defendants and Logan County on Plaintiffs' state law claims.

### III. DISPOSITION

For all of the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Reconsideration. Plaintiffs' 42 U.S.C. § 1983 claim against Logan County remains pending. All other claims remain dismissed with prejudice as set forth in this Court's January 6, 2006 Opinion and Order.

The Clerk shall remove Doc. 63 from the Court's pending motions list.


**IT IS SO ORDERED.**


/s/ George C. Smith
**GEORGE C. SMITH, JUDGE**
United States District Court